08 CIV 7004

JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
GUSTEN SHIPPING INC. and TANKER      :
PACIFIC MANAGEMENT (SINGAPORE):
PTE LTD                              :
                                     :
                Plaintiff,           :
                                     :      08 CV _____
        - against -                  :      ECF CASE
                                     :
SEMEURO SUPPLY LTD.                  :
                                     :
                Defendant.           :
------------------------------------------------------X



## VERIFIED COMPLAINT

Plaintiffs, GUSTEN SHIPPING INC. and TANKER PACIFIC MANAGEMENT (SINGAPORE) PTE LTD ("Plaintiffs"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, SEMEURO SUPPLY LTD., ("Defendant"), alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all material times to this action, Plaintiff GUSTEN SHIPPING INC. was a foreign company duly organized and operating under foreign law with an office and place of business in Liberia and was the Owner of the M/V PACIFIC PEARL ("Vessel").

3.      At all material times to this action, Plaintiff TANKER PACIFIC MANAGEMENT (SINGAPORE) PTE LTD. was a foreign company duly organized and operating under foreign law with an office and place of business in Singapore and was the commercial and technical operator of the M/V PACIFIC PEARL ("Vessel").

4. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in the United Kingdom, and was the Charterer of the Vessel.

5. Pursuant to the terms of a BPVOY 4 Voyage Charter Party with riders, dated April 17, 2008, the Plaintiffs chartered the Vessel to the Defendant for carrying a minimum cargo of 37,000 metric tons of gasoline products.

6. The charter party provided a laycan of $23^{rd} - 25^{th}$ April, 2008 and required the Defendant to pay demurrage for exceeded laytime at the rate of USD $28,000 per day pro rata.

7. The Vessel tendered her notice of readiness on April 224, 2008, within the laycan.

8. During the course of loading the various cargoes aboard the Vessel, the Vessel exceeded her laytime due to delays in berthing and slow loading rates and as a result, incurred demurrage charges due and owing to the Plaintiffs, that are the responsibility of the Defendant.

9. During the course of discharging the Vessel's cargoes, the Vessel exceeded her laytime due to delays and restrictions at the discharge terminal and incurred demurrage charges as a result, which are due and owing to the Plaintiffs, that are the responsibility of the Defendant.

10. The Plaintiffs forwarded demurrage invoices to the Defendant indicating amounts due for the demurrage and related port reimbursement charges that are the responsibility of the Defendant pursuant to the terms of the charter party contract.

11. The Defendant has failed to reimburse the Plaintiffs for its demurrage charges and related port reimbursement charges despite that such charges are due and owing and has breached the charter party as a result thereof.

12. The Defendant's breaches of the charter party have caused the Plaintiffs to sustain damages in the total principal amount of **$168,688.43** exclusive of interest, costs and fees.

13. The charter party provided that any disputes arising thereunder shall be referred to London Arbitration with English law to apply.

14. Plaintiffs will soon commence arbitration in London pursuant to the charter party.

15. Despite due demand, Defendant has failed to pay the amounts due to Plaintiffs under the charter party.

16. Interest, costs and fees are routinely awarded to the prevailing party in London arbitration under English Law. As best as can now be estimated, Plaintiffs expect to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $168,688.43 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $35,999.39 |
| C. | Estimated fees and costs: | $90,000.00 |
| **Total** | | **$294,687.82** |

17. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

18. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any

garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiffs' claim as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$294,687.82.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$294,687.82** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiffs' favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiffs the attorneys' fees and costs incurred in this action; and

E.  That the Plaintiffs have such other, further and different relief as the Court deems just, proper and equitable.

Dated: August 6, 2008
        New York, NY

                               The Plaintiffs,
                               GUSTEN SHIPPING INC. and TANKER
                               PACIFIC MANAGEMENT (SINGAPORE)
                               PTE LTD.

By: _____
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:   August 6, 2008
         New York, NY

_____
Claurisse Campanale-Orozco